## PILWISKY v. CATTABERRY et al.

*(Common Pleas of New York City and County, General Term.* April 7, 1890.)

PARTNERSHIP—EVIDENCE—SUFFICIENCY.

Evidence that a person owns the horses, trucks, and utensils used in the business of a partnership, and that bills of the firm have been paid by her, justifies a finding that she was a member of the firm.

Appeal from tenth district court.

Action by Rafael Pilwisky against Louis Cattaberry, Nora Cattaberry, and another. There was judgment for plaintiff, and defendants appeal therefrom.

Argued before LARREMORE, C. J., and BISCHOFF, J.

*A. C. Butts,* for appellants. *S. E. Duffy,* for respondent.

LARREMORE, C. J. The plaintiff sought to recover in this action for merchandise sold and delivered by him to the defendants. The defendants were contractors, engaged in the construction of improvements on the New York & Harlem Railroad, and were in charge of two sections of the said work.

Each section had a separate store-house or shop, in which were kept supplies of all kinds, which were sold to the workmen in their employ. The articles sold were furnished and delivered by the plaintiff. There seems to be no question upon the evidence that the plaintiff had furnished the goods in question. The main point taken upon the appeal was that there were two accounts of the goods sold, a portion thereof to Louis Cattaberry & Co., and another to Nora Cattaberry & Co.; that two causes of action were improperly united, and that a judgment for both accounts was improperly rendered. It appears upon an inspection of the return that Nora Cattaberry was owner of the horses, trucks, and utensils used in the business; that previous bills had been paid by her check; that the plaintiff had received orders from Louis Cattaberry to serve goods to Nora Cattaberry. A strong presumption is raised in favor of the plaintiff against both defendants as being members of both firms. It seems scarcely possible that Nora Cattaberry, being owner of all the horses, trucks, and utensils used in the business, should pay bills upon both accounts, and yet not derive any pecuniary interest therefrom. I think there was enough evidence to authorize the court below in finding that Nora was a member of both firms, and, upon this disputed question of fact, deciding in favor of the plaintiff. The judgment appealed from should be affirmed.